

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-25-00088-CR

---

MATTHEW RIDDLE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 24F0322-202

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Bowie County jury convicted Matthew Riddle of child grooming and assessed a punishment of ten years' imprisonment with a $10,000.00 fine. *See* TEX. PENAL CODE ANN. § 15.032 (Supp.). Riddle appeals from this conviction, as well as another conviction for child grooming in his companion appellate case numbered 06-25-00089-CR and a conviction for online solicitation of a minor in companion appellate case number 06-25-00090-CR. *See id.*; TEX. PENAL CODE ANN. § 33.021 (Supp.).

Riddle's appeals raise a related issue. As for his convictions for child grooming, Riddle argues that Section "15.032 is unconstitutional and both indictments under that statute should be dismissed because they violate the first amendment [sic] and are vague and overbroad." As to his last conviction for online solicitation of a minor, Riddle argues that the "indictment should be dismissed because" Sections 15.032 and 33.021 of the Texas Penal Code "cannot be applied simultaneously." The State argues that Riddle has failed to adequately brief these issues, and we agree.[1] As a result, we affirm the trial court's judgment.

Section 15.032(a) defines the offense of child grooming and states,

A person commits an offense if, with the intent that an offense under Chapter 43 or an offense involving sexual activity, the occurrence of which would subject the actor to criminal liability under Chapter 20A, 21, or 22, be committed, the person knowingly persuades, induces, entices, or coerces, or attempts to persuade, induce, entice, or coerce, a child younger than 18 years of age to engage in specific conduct that, under the circumstances surrounding the actor's conduct as the actor believes them to be, would:

---

[1]For the sake of judicial economy, we resolve Riddle's issues related to all of his appeals in this main opinion.

> (1)  constitute an offense under Chapter 43 or an offense involving sexual activity the occurrence of which would subject the actor to criminal liability under Chapter 20A, 21, or 22; or
>
> (2)  make the child a party to the commission of an offense described by Subdivision (1).

TEX. PENAL CODE ANN. § 15.032(a).  Riddle argues that this Section is unconstitutional.

Riddle "bears the burden of establishing the statute's unconstitutionality." *Allen v. State*, 614 S.W.3d 736, 740 (Tex. Crim. App. 2019).  Because "we begin with the presumption that the statute is valid," *id.* (citing TEX. GOV'T CODE ANN. § 311.021), "we 'must make every reasonable presumption in favor of [its] constitutionality, unless the contrary is clearly shown.'" *Id.* (alteration in original) (quoting *Peraza v. State*, 467 S.W.3d 508, 514 (Tex. Crim. App. 2015)).  Riddle's brief appears to raise a facial challenge to the statute, which results in "an even greater burden," *see id.*, since the "challenge is an attack on a statute itself as opposed to a particular application" and "requires Appellant to establish that 'no set of circumstances exists under which [the] statute would be valid,'" *id.* at 740–41 (alteration in original) (quoting *Peraza*, 467 S.W.3d at 514).

For this reason, "[i]t is not sufficient that appellant raise only a general constitutional doctrine in support of his request for relief." *Bell v. State*, 90 S.W.3d 301, 305 (Tex. Crim. App. 2002).  Rather, "[i]t is incumbent upon [the] appellant to cite specific legal authority and to provide legal arguments based upon that authority." *Id.*  "This is especially important where, as here, the relevant area of law is new or not well defined." *Id.*  Here, the State argues that Riddle's brief is inadequate.

A "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). While Riddle references "the first amendment" [sic] and makes allegations of vagueness and overbreadth, he has no citation in his index of authorities, and the body of his argument contains no citation in support of his argument. Because Riddle has not provided any legal analysis to support his conclusory argument that Section 15.032 is unconstitutional, we overrule his complaint.[2] *See id.*; *Bohannan v. State*, 546 S.W.3d 166, 179–80 (Tex. Crim. App. 2017) (citing *Bell*, 90 S.W.3d at 305); *Hinds v. State*, 627 S.W.3d 803, 805 (Tex. App.—Corpus Christi–Edinburg 2021, pet. ref'd) ("conclusory assertions that [a] statute is unconstitutional are inadequate"); *see also Jones v. State*, No. 01-22-00800-CR, 2024 WL 3363047, at *1 n.2 (Tex. App.—Houston [1st Dist.] July 11, 2024, no pet.) (mem. op., not designated for publication) (citing *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 916 (Tex. Crim. App. 2011) (orig. proceeding) (finding constitutional challenge to statute inadequately briefed)); *Hatcher v. State*, No. 14-08-00661-CR, 2010 WL 183521, at *5 (Tex. App.—Houston [14th Dist.] Jan. 21, 2010, no pet.) (mem. op., not designated for publication) (same).

Next, Riddle raises a complaint related to Section 33.021, which penalizes online solicitation of a minor and states the following:

> (b)    A person who is 17 years of age or older commits an offense if, with the intent to commit an offense listed in Article 62.001(5)(A), (B), or (K), Code of Criminal Procedure, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:

---

[2]Riddle filed a motion to quash the indictment, alleging that it was vague and failed to state an offense. Riddle does not argue that the trial court erred by failing to quash the indictment.

> (1)     communicates in a sexually explicit manner with a minor; or
>
> (2)     distributes sexually explicit material to a minor.
>
> (c)     A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

TEX. PENAL CODE ANN. § 33.021(b), (c).

According to Riddle, Sections 15.032 and 33.021 "cannot be applied simultaneously." Again, Riddle cites no authority in support of his position. *See* TEX. R. APP. P. 38.1(i). Moreover, Section 33.021(g) specifically provides that "[i]f conduct that constitutes an offense under this section also constitutes an offense under any other law, the actor may be prosecuted under this section, the other law, or both." TEX. PENAL CODE ANN. § 33.021(g). Because Riddle makes no cogent argument with legal authority as to why Section 33.021(g) should not apply, we overrule his remaining point of error.

We affirm the trial court's judgment.

Charles van Cleef<br>
Justice

Date Submitted:    January 29, 2026
Date Decided:    January 30, 2026

Do Not Publish